**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| INTEGRITY EXPRESS LOGISTICS, LLC | : | Case No. 1:23-cv-581 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| NEAL GRGURICH, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER DENYING MOTION TO DISMISS (Doc. 4) AS MOOT

---

This matter is before the Court on Defendant GD Ventures Brokerage, LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 4.) Plaintiff has since amended its complaint, (Am. Compl., Doc. 9), so the Court **DENIES** the Motion to Dismiss as **MOOT**.

Generally, "an 'amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.'" *Green v. Mason*, 504 F.Supp.3d. 813, 826 (S.D. Ohio 2020) (quoting *Ky. Press Ass'n. Inc. v Ky.*, 355 F.Supp.2d 853, 857 (E.D. Ky. 2005)). However, if the defects addressed in the original motion remain in the new pleading, the Court may still refer to the original motion. *Id.; see also Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). Defendants contend that the new complaint suffers from the same defects, but they did so through a renewed motion to dismiss. (*See* Mot. to Dismiss, Doc. 13, Pg. ID 446).

Here, the general rule applies. Plaintiff filed an Amended Complaint, and Defendant responded with a new Motion to Dismiss (Doc. 13). The Court thus determines that Amended Complaint is the operative filing and that the new Motion to Dismiss supplants the initial Motion to Dismiss (Doc. 4.)

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss (Doc. 4) as **MOOT.**

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND