IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| INTEGRITY EXPRESS LOGISTICS, LLC, | : | Case No. 1:23-cv-581 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| NEAL GRGURICH, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants Neal Grgurich and Gary McCutcheon, III's Partial Motion to Dismiss (Doc. 14). Plaintiff filed a Response in Opposition (Doc. 19), to which Defendants Grgurich and McCutcheon filed a Reply in Support (Doc. 22). This matter is therefore ripe for the Court review. For the following reasons, Defendants' Partial Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Additionally, this matter is hereby **STAYED** to allow Plaintiff the opportunity to evaluate resolution of its claims, including against Defendant GD Ventures Brokerage, LLC.

## BACKGROUND

Plaintiff Integrity Express Logistics, LLC is an Ohio-based company that provides freight brokerage services across the country. (Am. Ver. Compl., Doc. 9, ¶ 2.) Defendants Neal Grgurich and Gary McCutcheon, III ("Individual Defendants") worked for Plaintiff as Logistic Account Executives. (*Id.* at ¶¶ 3-4.) During their employment, Plaintiff trained

Individual Defendants on a variety of topics, including Plaintiff's services, pricing structure, sales strategies, and operations. (*Id.* at ¶ 22.) Plaintiff also shared sensitive customer information with Individual Defendants. (*Id.* at ¶¶ 22-24.) Plaintiff identifies—among other things—information pertaining to its customers, carriers, commission and fee rates, historical and current shipping rate and pricing information, and procedures and practices as trade secrets. (*Id.* at ¶ 61.) In turn, Individual Defendants signed an agreement that included non-competition, non-solicitation, and non-disclosure clauses. (*Id.* at ¶¶ 16-20.)

On December 9, 2022, while still employed by Plaintiff, Individual Defendants created limited liability companies in South Carolina. (Am. Ver. Compl., Doc. 9, ¶¶ 26-27.) On December 29, 2022, McCutcheon sent emails of Plaintiff's trade secrets and confidential information, including information about Plaintiff's customers, to his personal account. (*Id.* at ¶ 28-29.) Both Individual Defendants resigned the following day. (*Id.* at ¶ 30.) Individual Defendants are now directly competing with Plaintiff through their employment or association with Defendant GD Ventures, another provider of freight brokerage services. (*Id.* at ¶¶ 5, 35.) Specifically, Individual Defendants have improperly used Plaintiff's confidential information and solicited Plaintiff's customers. (*Id.* at ¶¶ 88.) Six of Grgurich's ten accounts have come from Plaintiff. (*Id.* at ¶ 39.)

On October 4, 2023, Plaintiff filed an Amended Verified Complaint against Individual Defendants and Defendant GD Ventures. (*See* Am. Ver. Compl., Doc. 9.) Plaintiff brings the following claims: (1) Breach of the Agreement, (2) Breach of Fiduciary Duty, (3) Misappropriation of Trade Secrets, (4) Tortious Interference with a Contract,

(5) Tortious Interference with Business Relations, and (6) Unjust Enrichment. (*Id.* at ¶¶ 44-90.) Individual Defendants now move to dismiss Plaintiff's fiduciary duty claim and unjust enrichment claim for failure to state a claim. (*See* Motion to Dismiss, Doc. 14.)

## LAW & ANALYSIS

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests a plaintiff's cause of action as stated in a complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005); Fed. R. Civ. P. 12(b)(6). A claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept all factual allegations as true and construe them in the light most favorable to the plaintiff. *Doe v. Baum*, 903 F.3d 575, 581 (6th Cir. 2018). However, courts are not bound to do the same for a complaint's legal conclusions. *Twombly*, 550 U.S. at 555. And, when a complaint contains sufficient facts to satisfy the elements of an affirmative defense put forth by a defendant, courts may grant dismissal on that basis. *Est. of Barney v. PNC Bank, Nat. Ass'n*, 714 F.3d 920, 926 (6th Cir. 2013).

### I.  Fiduciary Duty Claim

Individual Defendants first move to dismiss Plaintiff's fiduciary duty claim. Although Plaintiff's second claim is styled as a "breach of fiduciary duty," the "label which a plaintiff applies to [its] pleading does not determine the nature of the cause of action." *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 391 (6th Cir. 2020) (quotation omitted). Rather, courts consider "the substance of the allegations." *Id.* (quoting *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001)). In this case, Plaintiff's second claim revolves around Individual Defendants' alleged breaches of the duty of loyalty and good faith that they

owed as Plaintiff's employees. (Ver. Am. Compl., Doc. 9, ¶¶ 55-56.) The Court will view this claim accordingly. *See, e.g., Ret. Corp. of Am. v. Henning*, No. C-180643, 2019-Ohio-4589, 2019 WL 5856005, at *7 (Ohio Ct. App. Nov. 8, 2019) (examining claim labeled as "breach of fiduciary duty" under the employee's duty of loyalty framework).

Ohio common law provides that "an employee owes a duty to act in 'the utmost good faith and loyalty toward his employer.'" *Orbit Elecs., Inc. v. Helm Instrument Co.*, 855 N.E.2d 91, 100 (Ohio 2006) (quoting *Connelly v. Balkwill*, 116 N.E.2d 701, 707 (Ohio 1954)). "The duty of loyalty is based on an implied condition of employment that an employee will 'act in good faith and not act to the detriment' of the employer." *Cheryl & Co. v. Krueger*, 536 F. Supp. 3d 182, 212 (S.D. Ohio 2021) (quoting *Roberto v. Brown Cnty. Gen. Hosp.*, 571 N.E.2d 467, 469 (Ohio Ct. App. 1989)). This duty is breached, for instance, "when an employee engages in competition with the employee's present employer while still employed." *Henning*, 2019 WL 5856005, at *7. Here, Plaintiff alleges that Individual Defendants breached their duty of loyalty by competing against their employer. (Am. Ver. Compl., Doc. 9, ¶ 56.) Specifically, the Individual Defendants—while still employed by Plaintiff—formed other companies to compete with Plaintiff and emailed themselves Plaintiff's trade secrets. (*Id.* at ¶¶ 57-58.)

Individual Defendants contend that Plaintiff has insufficiently pled a claim under the faithless servant doctrine. (Reply, Doc. 22, Pg. ID 580-82.) But, this doctrine is a specific "subset of a claim for breach of the duty of loyalty" that allows an employer to forgo paying an employee if dishonesty and disloyalty permeated the employee's service to his employer. *Krueger*, 536 F. Supp.3d at 212; *see also Mollett v. Lawrence Cnty. Bd. of Dev.*

4

*Disabilities*, 242 N.E.3d 744, 762 (Ohio Ct. App. 2024) (explaining the two *additional* elements of the faithless servant doctrine). Because Plaintiff's claim encompasses the duty of loyalty, it does not fully turn upon the faithless servant doctrine. Thus, Plaintiff's claim for breach of the duty of loyalty will not be dismissed at this time.

## II. Unjust Enrichment Claim

Individual Defendants next argue that Plaintiff's unjust enrichment claim should be dismissed because it is preempted by the Ohio Uniform Trade Secrets Act ("OUTSA"). (Motion to Dismiss, Doc. 14, Pg. ID 472-76.) The OUTSA "displace[s] conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." Ohio Rev. Code § 1333.67(A). There are a few exceptions. Most pertinent here, the OUTSA does not preempt "other civil remedies that are not based on misappropriation of a trade secret." Ohio Rev. Code § 1333.67(B)(2).

As the OUTSA "prevents a plaintiff from merely restating their trade secret claims as separate tort claims, . . . the key inquiry is whether the same factual allegations of misappropriation are being used to obtain relief outside the [OUTSA]." *Hanneman Fam. Funeral Home & Crematorium v. Orians*, 235 N.E.3d 361, 366-67 (Ohio 2023) (quotation omitted). "[C]ourts analyzing whether OUTSA preempts a particular claim must look to whether that claim relies on the same operative facts that formed the basis for the party's trade secrets misappropriation claim." *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 414 (6th Cir. 2024) (citing *Stolle Mach. Co., LLC v. RAM Precision Indus.*, 605 F. App'x 473, 485 (6th Cir. 2015)). "Where the state-law claim has a factual basis independent from the facts establishing the OUTSA claim, the portion of the claim supported by an independent

5

factual basis survives preemption." *Id.* (cleaned up). Ultimately, the OUTSA "should be understood to preempt not only causes of action for misappropriation of trade secrets but also causes of action that are based in some way on misappropriation of trade secrets." *Stolle Mach. Co.*, 605 F. App'x at 485.

As a preliminary matter, Plaintiff contends that dismissal of its unjust enrichment claim would be premature because it serves as an alternative theory of relief. (Response, Doc. 19, Pg. ID 567-69.) However, courts routinely consider OUTSA preemption at the motion-to-dismiss stage. *See, e.g., Mesa Indus., Inc. v. Charter Indus. Supply, Inc.*, No. 1:22-CV-160, 2022 WL 3082031, at *18 (S.D. Ohio Aug. 3, 2022) (explaining that "the great weight of the case law" considers OUTSA preemption despite the argument that the claims may proceed in the alternative); *Cincom Sys., Inc. v. LabWare, Inc.*, No. 1:20-CV-83, 2021 WL 675437, at *5 (S.D. Ohio Feb. 22, 2021) (collecting cases). The Court therefore finds it appropriate to address OUTSA preemption at this time.

Individual Defendants argue that Plaintiff's unjust enrichment claim is based on the same operative facts that form the misappropriation claim. (Motion to Dismiss, Doc. 14, Pg. ID 475.) The Court agrees. Plaintiff's misappropriation of trade secrets claim identifies—among other things—information pertaining to its customers, carriers, commission and fee rates, historical and current shipping rate and pricing information, and procedures and practices as trade secrets. (Am. Ver. Compl., Doc. 9, ¶ 61.) Within this same claim, Plaintiff alleges that "Individual Defendants have misappropriated and, unless restrained, will continue to misappropriate trade secrets of [Plaintiff] for their own use and for the use of GD Ventures to compete with [Plaintiff]." (*Id.* at ¶ 64.) Plaintiff

6

further alleges that Defendants "have unjustly enriched themselves and have caused and are continuing to cause [Plaintiff] actual and potential loss of business opportunities" as a result of this misappropriation of trade secrets. (*Id.* at ¶ 70.) For instance, six of Grgurich's ten accounts came from Plaintiff. (*Id.* at ¶ 66.)

Plaintiff's unjust enrichment claim is similarly based on Defendants "illegally and improperly utiliz[ing Plaintiff's] confidential and proprietary information and trade secrets for their financial benefit and to the detriment of [Plaintiff]," as well as Defendants' solicitation of Plaintiff's customers. (Am. Ver. Compl., Doc. 9, ¶¶ 88-89.) The unjust enrichment claim therefore shares the same operative facts as the misappropriation claim. *See, e.g., Off. Depot, Inc. v. Impact Off. Prods., LLC,* 821 F. Supp. 2d 912, 922 (N.D. Ohio 2011) (dismissing unjust enrichment claim to the extent it was based on misappropriation of trade secrets); *C.R.H. Indus. Water, LLC v. Eiermann,* No. 1:23-CV-01805, 2024 WL 4856109, at *6 (N.D. Ohio Nov. 21, 2024) (dismissing unfair competition claim to the extent it related to defendant's use of confidential information to compete with plaintiff); *Hanneman,* 235 N.E.3d at 366-67 (finding that the OUTSA preempted claims premised on the same allegations of defendant stealing client information and then contacting them).

Plaintiff resists this conclusion by emphasizing that the unjust enrichment claim is additionally based upon the solicitation of customers. (Response, Doc. 19, Pg. ID 568.) Though true, these allegations are also part and parcel to the misappropriation claim. (*See* Am. Ver. Compl., Doc. 9, ¶ 64 ("Individual Defendants have misappropriated . . . [Plaintiffs'] trade secrets [including customer information] for their own use and for the

7

use of GD Ventures to compete with [Plaintiff]."), ¶ 66 (Six of Grgurich's ten accounts with GD Ventures have come from Plaintiff.)) Simply put, the alleged solicitation of customers through the use of trade secrets forms the operative facts of both claims. Therefore, the unjust enrichment claim is preempted by the OUTSA and must be dismissed.

## CONCLUSION

For the foregoing reasons, Individual Defendants' Partial Motion to Dismiss (Doc. 14) is **GRANTED IN PART AND DENIED IN PART**:

1. Plaintiff's Sixth Claim for Unjust Enrichment is **DISMISSED** against Neal Grgurich and Gary McCutcheon, III;

2. Plaintiff's Second Claim for Breach of the Duty of Loyalty **SHALL PROCEED**; and

3. In light of Plaintiff's Status Report (Doc. 35), this matter is hereby **STAYED** to allow Plaintiff the opportunity to evaluate resolution of its remaining claims, including against Defendant GD Ventures Brokerage, LLC.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
By: _____
JUDGE MATTHEW W. McFARLAND